**Ahmed Yousef ISMAEL, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71741, A75–627–084.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Steve Paek, Law Office of Steve Paek,
Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stuart B. Schoenburg, Jeffrey J. Bernstein, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge,
RAWLINSON and CALLAHAN, Circuit
Judges.

MEMORANDUM**

Ahmed Yousef Ismael, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an immigration judge's determination that he was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003). We deny the petition for review.

Ismael testified that after his brother was killed, armed Hawiye clan members came to his home and fired shots at him.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the BIA's adverse credibility finding, because Ismael's omission of this incident from his written asylum application is a major discrepancy going to the heart of his asylum claim. *See Taha v. Ashcroft*, 362 F.3d 623, 627 (9th Cir.2004).

Ismael has waived any challenge to the BIA's determination that he was ineligible for relief under the CAT. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) ("an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

No issues relating to the injunction in place in *Ali v. Ashcroft*, 346 F.3d 873, 886 (9th Cir.2003), are before us.

**PETITION FOR REVIEW DENIED.**